NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241209-U

NOS. 4-24-1209, 4-24-1210 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 28, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* M.M. and G.M., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Logan County |
| Petitioner-Appellee, | ) | Nos.  21JA12 |
| v. | ) | 21JA13 |
| Sadie J., | ) | |
| Respondent-Appellant). | ) | Honorable |
| | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Harris and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted appellate counsel's motion to withdraw and affirmed
the trial court's judgment terminating respondent's parental rights, concluding no
meritorious issues could be raised on appeal.

¶ 2         On September 12, 2024, the trial court entered an order terminating the parental

rights of respondent, Sadie J., to her minor children, M.M. (born October 2016) and G.M. (born

March 2018). Respondent appealed, and counsel was appointed to represent her. Appellate counsel

now moves to withdraw, citing *Anders v. California*, 386 U.S. 738 (1967), on the basis that he

cannot raise any potentially meritorious argument on appeal. The record indicates counsel sent a

copy of his motion and accompanying memorandum of law to respondent by mail. Respondent

has not filed a response. After reviewing the record and counsel's memorandum, we grant the

motion to withdraw and affirm the court's judgment.

¶ 3                              I. BACKGROUND

¶ 4                              A. Case Opening

¶ 5        On June 18, 2021, the State filed petitions for adjudication of wardship. The petitions alleged, *inter alia*, the minors' environment was injurious to their welfare in that (1) the minors' father, Benjamin M., and respondent had a history of domestic violence and (2) respondent "committed or allowed to be committed a sex offense against the [minors'] sibling." Following a shelter care hearing, the trial court found that there was probable cause to believe the minors were neglected, and it ordered temporary custody and guardianship of the minors to be placed with the Illinois Department of Children and Family Services (DCFS).

¶ 6        On December 16, 2021, the trial court adjudicated the minors neglected pursuant respondent's stipulation and section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2020)).

¶ 7        Following the April 28, 2022, dispositional hearing, the trial court made the minors wards of the court and granted continued custody and guardianship with DCFS.

¶ 8        On July 27, 2023, the trial court changed the permanency goal to substitute care pending termination of respondent's parental rights.

¶ 9        On September 9, 2024, the State filed third amended petitions to terminate respondent's parental rights. The petitions alleged that respondent was an unfit parent in that (1) she was depraved (750 ILCS 50/1(D)(i) (West 2022)), (2) she failed to make reasonable efforts to correct the conditions that caused the minors to be removed during a nine-month period after the minors were adjudicated neglected (750 ILCS 50/1(D)(m)(i) (West 2022)), (3) she failed to make reasonable progress toward the return of the minors to her care during a nine-month period after the minors were adjudicated neglected (750 ILCS 50/1(D)(m)(ii) (West 2022)), and (4) her

repeated incarceration prevented her from discharging her parental responsibilities (750 ILCS 50/1(D)(s) (West 2022)). The State also included Benjamin M. in the petitions to terminate parental rights. (We note Benjamin M. is not a party to this appeal.)

¶ 10                                    B. Fitness Hearing

¶ 11            The trial court commenced the fitness hearing on September 12, 2024. At the outset, the State indicated it intended to proceed only on the allegations that respondent was depraved and her repeated incarceration had prevented her from discharging parental responsibilities. 750 ILCS 50/1(D)(i), (s) (West 2022). The State then requested the court take judicial notice of a certified copy of respondent's conviction in Logan County case No. 21-CF-134 (wherein respondent was convicted of two counts of permitting the sexual abuse of a child and sentenced to concurrent terms of 10 years' imprisonment (720 ILCS 5/11-9.1A(a) (West 2020))). The State additionally requested the court take judicial notice of a transcript of respondent's testimony at Benjamin M.'s criminal trial. Both exhibits were admitted without objection. The court further took judicial notice of the adjudicatory and dispositional orders and the fact that respondent had been incarcerated since June 2021. Respondent did not present evidence or testify.

¶ 12            The trial court subsequently found the State had proven by clear and convincing evidence respondent was unfit in that she was depraved and her repeated incarceration had prevented her from discharging her parental responsibilities.

¶ 13                                    C. Best Interests Hearing

¶ 14            The trial court proceeded immediately to the best interests hearing. The best interests report filed on September 12, 2024, was admitted without objection. The authors of the best interests report noted the minors had been in foster care since June 2021. Neither minor "had a relationship with their mother nor have they seen her since 2021." According to the report,

respondent was participating in various services while incarcerated, and she had obtained a psychiatric evaluation and a mental health evaluation. The court took judicial notice of respondent's sex offender evaluation without objection.

¶ 15    Respondent testified she was scheduled to be released from the Illinois Department of Corrections in June 2026. During her time in the Illinois Department of Corrections, she engaged in "Telepsych" mental health services and was on the waitlist for a therapy program. On cross-examination, respondent admitted she had not had contact with the minors since June 2021 and had not been able to provide food, shelter, clothing, or financial support since that time.

¶ 16    Following arguments, the trial court found termination of respondent's parental rights was in the minors' best interests. Specifically, the court emphasized the minors "were living in a home where the siblings were exposed to some of the most egregious acts of criminal sexual assault this Court has ever heard on the bench and hopes to ever hear on the bench." The court further noted the minors had been in foster care for three years and respondent would remain incarcerated until 2026. The court concluded the minors deserved permanency and it was in the minors' best interests that respondent's parental rights be terminated.

¶ 17    This consolidated appeal followed.

¶ 18                    II. ANALYSIS

¶ 19    On appeal, appellate counsel seeks to withdraw on the basis that he cannot raise any arguments of potential merit.

¶ 20    The procedure for appellate counsel to withdraw set forth in *Anders* applies to findings of parental unfitness and termination of parental rights. *In re S.M.*, 314 Ill. App. 3d 682, 685 (2000). According to this procedure, counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386

U.S. at 744. Counsel must "(a) sketch the argument in support of the issues that could conceivably be raised on appeal, and then (b) explain why he believes the arguments are frivolous." *S.M.*, 314 Ill. App. 3d at 685. Counsel must then conclude the case presents no viable grounds for appeal. *S.M.*, 314 Ill. App. 3d at 685. In doing so, counsel should review both the unfitness finding and the best interests determination and indicate in the brief that he has done so. *S.M.*, 314 Ill. App. 3d at 685-86.

¶ 21 In the instant case, counsel asserts he has reviewed the record on appeal, including the report of proceedings of the termination hearings, and has concluded there are no appealable issues of merit. Counsel states he has considered raising the argument that the trial court erred in finding respondent unfit. He also indicates he has considered challenging the court's best interests findings. We address each argument in turn and ultimately agree with counsel's conclusion there are no issues of arguable merit to be raised on review.

¶ 22                                    A. Unfitness Findings

¶ 23 We first address appellate counsel's assertion no meritorious argument can be made the trial court erred in finding respondent unfit.

¶ 24 Termination of parental rights under the Juvenile Court Act is a two-step process. *In re Julian K.*, 2012 IL App (1st) 112841, ¶ 1. Parental rights may not be terminated without the parent's consent unless the trial court first determines, by clear and convincing evidence, the parent is unfit as defined in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2022)). *In re Gwynne P.*, 215 Ill. 2d 340, 354 (2005).

¶ 25 We will not disturb a finding of unfitness unless it is against the manifest weight of the evidence. *In re J.H.*, 2020 IL App (4th) 200150, ¶ 68. "A finding is against the manifest weight of the evidence only if the evidence clearly calls for the opposite finding [citation], such that no

reasonable person could arrive at the [trial] court's finding on the basis of the evidence in the record." (Internal quotation marks omitted.) *J.H.*, 2020 IL App (4th) 200150, ¶ 68. "This court pays great deference to a trial court's fitness finding because of [that court's] superior opportunity to observe the witnesses and evaluate their credibility." (Internal quotation marks omitted.) *In re O.B.*, 2022 IL App (4th) 220419, ¶ 29.

¶ 26 Here, the trial court determined respondent was unfit in that she was depraved under section 1(D)(i) of the Adoption Act (750 ILCS 50/1(D)(i) (West 2022)). The Illinois Supreme Court has defined depravity as "an inherent deficiency of moral sense and rectitude." (Internal quotation marks omitted.) *In re Abdullah*, 85 Ill. 2d 300, 305 (1981); see *In re J.B.*, 2014 IL App (1st) 140773, ¶ 61. Under section 1(D)(i), a conviction for permitting the sexual abuse of a child "shall create a presumption that a parent is depraved which can be overcome only by clear and convincing evidence." 750 ILCS 50/1(D)(i) (West 2022). A certified copy of such a conviction creates a *prima facie* showing of depravity. See *In re A.H.*, 359 Ill. App. 3d 173, 180 (2005) ("Certified copies of the requisite convictions create a *prima facie* showing of depravity, which shifts the burden to the parent to show by clear and convincing evidence that he is, in fact, not depraved.").

¶ 27 Here, the State presented a certified copy of respondent's conviction for two counts of permitting the sexual abuse of a child (720 ILCS 5/11-9.1A(a) (West 2020)) and a transcript of respondent's testimony during Benjamin M.'s criminal trial. Respondent's testimony in Benjamin M.'s criminal trial detailed incidents where she was both present and, at times, a participant in the sexual abuse that occurred. Respondent did not testify or present evidence. While respondent did complete some "workbooks" during her incarceration, including "cognitive awareness, parenting, and domestic violence," and had completed both psychiatric and mental health evaluations, this

failed to rebut the presumption of depravity. Ultimately, respondent failed to show she had changed "into an individual with moral sense and rectitude capable of parenting a child." (Internal quotation marks omitted.) *A.H.*, 359 Ill. App. 3d at 181.

¶ 28        Because the State proved one ground of unfitness by clear and convincing evidence, we agree with appellate counsel no meritorious argument can be made that the trial court's finding of unfitness was against the manifest weight of the evidence. See *In re H.D.*, 343 Ill. App. 3d 483, 493 (2003).

¶ 29                                        B. Best Interests Findings

¶ 30        Appellate counsel next asserts he can make no meritorious argument that the trial court's best interests findings were against the manifest weight of the evidence.

¶ 31        When a trial court finds a parent to be unfit, "the court then determines whether it is in the best interests of the minor that parental rights be terminated." *In re D.T.*, 212 Ill. 2d 347, 352 (2004). "[A]t a best-interests hearing, the parent's interest in maintaining the parent-child relationship must yield to the child's interest in a stable, loving home life." *D.T.*, 212 Ill. 2d at 364. The State must prove by a preponderance of the evidence that termination of parental rights is in the minors' best interests. *D.T.*, 212 Ill. 2d at 366. In making the best interests determination, the court must consider the factors set forth in section 1-3(4.05) of the Juvenile Court Act (705 ILCS 405/1-3(4.05) (West 2022)). These factors include:

> "(1) the child's physical safety and welfare; (2) the development of the child's identity; (3) the child's background and ties, including familial, cultural, and religious; (4) the child's sense of attachments, including love, security, familiarity, and continuity of affection, and the least-disruptive placement alternative; (5) the child's wishes; (6) the child's community ties; (7) the child's need for permanence,

including the need for stability and continuity of relationships with parental figures and siblings; (8) the uniqueness of every family and child; (9) the risks related to substitute care; and (10) the preferences of the persons available to care for the child." *In re Jay. H.*, 395 Ill. App. 3d 1063, 1071 (2009) (citing 705 ILCS 405/1-3(4.05) (West 2008)).

"The court's best interest determination [need not] contain an explicit reference to each of these factors, and a reviewing court need not rely on any basis used by the trial court below in affirming its decision." *In re Tajannah O.*, 2014 IL App (1st) 133119, ¶ 19. On review, "[w]e will not disturb a court's finding that termination is in the children's best interest unless it was against the manifest weight of the evidence." *In re T.A.*, 359 Ill. App. 3d 953, 961 (2005).

¶ 32        Here, the trial court's best interests findings were not against the manifest weight of the evidence. The best interests report showed the minors were thriving in their relative foster placement. The minors were well bonded to their foster parent, and their physical and emotional needs were being met by their foster parent. According to the authors of the best interests reports, the minors had not "had a relationship with their mother nor ha[d] they seen her since 2021." Respondent was projected to be released from the Illinois Department of Corrections in 2026. However, after noting the minors had already been in foster care for three years, the court observed, "[W]e're looking at another two years, which would be five years, and both of the children need permanency."

¶ 33        Based on our review of the record on appeal, we agree with appellate counsel no meritorious argument can be made that the trial court's best interests findings were against the manifest weight of the evidence. Accordingly, we grant counsel's motion to withdraw and affirm the court's judgment.

¶ 34                                    III. CONCLUSION

¶ 35            For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 36            Affirmed.